## Case No. 2,632.

### CHATFIELD v. The WOLGA.

[3 Law Rep. 387.]

District Court, D. Massachusetts. Dec. Term, 1840.

WATCH ON VESSEL IN PORT—CHARGING EXPENSE TO SEAMAN—CUSTOM—PROCESS IN REM WITHOUT NOTICE TO OWNERS.

1. The court refused to sanction a custom, not supported by strong proof, of having a watch on board vessels in foreign ports at the expense of the sailors.

2. Where process in rem is commenced without notice to the owners who reside within the district, no more costs will be allowed than in the case of a monition to show cause.

This was a libel in admiralty against the barque Wolga. The libellant was a seaman on board the vessel, on a voyage from New York to Antwerp and back to Boston, and claimed to recover the sum of forty-six dollars and thirty cents as wages. Thomas Richardson made answer in behalf of the barque and owners, in which it was admitted that the libellant had a just claim for nearly the whole sum demanded, deducting two dollars paid in Antwerp by the master for a watch on board the vessel; in regard to which, the answer set forth that it was customary and lawful for all masters of vessels that arrive in said port of Antwerp to hire people from the shore to watch the ship, at night, instead of compelling the seamen to keep such watch; and to charge a proportionate part of the expense of said watch to each of the seamen on board such ship, and to deduct the same from their wages; and that the same was a reasonable and general custom, and well known to both merchants and mariners; and that the master of said barque Wolga did, while in the port of Antwerp, hire such a watch during the night, and paid therefor a reasonable price, and that the said libellant well knew that such watch was hired, and never objected to the same, nor offered to keep watch himself, nor did in fact keep such watch; and that the just share and proportion of the expense of said watch, chargeable to the libellant, was the said sum of two dollars. Evidence was introduced in support of the alleged custom, and several masters of vessels testified to the existence of the custom, and that they had conformed to it, sometimes with the previous consent of the seamen, sometimes without; but had uniformly deducted the amount paid for a watch from the wages of the men, without objection on their part. Some captains, however, did not hire any watch.

Charles H. Parker, for libellant.
Mr. Dexter, for respondent.

DAVIS, District Judge, said, that in order to establish such a custom as the one contended for, it was necessary that the proof should be strict, and the custom uniform. The evidence in this case had satisfied neither of the requisitions. It appeared that the custom was sometimes observed, and sometimes departed from—the express assent of the crew sometimes obtained, and sometimes not. In this case, no express assent was set up, and the custom, not being uniform, could not bind the crew without such express assent. He further observed that the custom of permitting the men to be absent on shore, at night, was exceptionable and of immoral tendency, and if it were to be admitted at all, should be admitted only upon very strict proof. Wherefore he decreed that the libellant should recover his whole claim, with costs.

At a subsequent day the counsel for the respondent submitted to the court, that as the owners of the vessel lived in Boston, and process in rem issued without any previous notice to them by monition to show cause, whether any costs ought to be allowed;

and thereupon the court ordered that costs should be taxed for the respondent as if the hearing had been upon a monition to show cause, and that the additional expenses of the arrest be paid by the libellant.